# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2012

Lyle W. Cayce
Clerk

No. 11-41233
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE CARMELO MONDRAGON-PINEDA, also known as Carmen Javier Beltran-Mondragon,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:11-CR-36-1

Before HIGGINBOTHAM, ELROD and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Carmelo Mondragon-Pineda (Mondragon) appeals the 54-month term of imprisonment imposed on his guilty plea conviction for reentering the United States illegally. *See* 8 U.S.C. § 1326. That sentence was below the advisory guidelines sentencing range of 77 to 96 months. It was not, however, as far below that range as Mondragon suggested it should be.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41233

Because Mondragon does not contend that the district court committed any procedural error, we need only review the substantive reasonableness of the sentence. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). We review sentences for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). Ordinarily, an appellate court reviewing for reasonableness "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). This is true whether the sentence imposed is inside or outside the Guidelines range. *Gall*, 552 U.S. at 51. In the present case, however, it might be argued that Mondragon is relegated to review for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Nevertheless, we pretermit consideration of that issue, as Mondragon cannot prevail even under the less deferential standard of review for abuse of discretion. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The district court considered the idea of a sentence lower than the one it finally selected. Although it agreed that a sentence below the guidelines range was appropriate because of Mondragon's cultural assimilation within the United States, the district court did not believe that the § 3553(a) factors as a whole counseled in favor of a sentence that would in effect negate the 16-level adjustment resulting from the application of U.S.S.G. § 2L1.2(b)(1)(A), as Mondragon requested. Although cultural assimilation may be considered as a ground for imposing a more lenient sentence, cultural assimilation is not to be given dispositive weight. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Thus, Mondragon's implicit argument that the cultural assimilation factor suffices to tip the balancing of the sentencing factors in favor of a lower sentence is contrary to our precedent. *See id.* We discern no basis for disturbing the district court's exercise of discretion in evaluating the totality of the § 3553(a) factors. *See Rita*, 551 U.S. at 351; *Brantley*, 537 F.3d at 349.

AFFIRMED.

2